IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60666
Summary Calendar

_____

VICTOR HURNS,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
WALTER BOOKER; ROBERT ARMSTRONG;
GENE CROCKETT; BOBBY BUTLER;
ANN L. LEE; EARL JACKSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-106-B-D
--------------------

November 12, 1999

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:*

    Victor Hurns, Mississippi prisoner # 09848, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint.  By moving for IFP, Hurns is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hurns has not adequately briefed the substance of the majority of his alleged constitutional violations. In his motion to proceed IFP filed on November 24, 1998, Hurns attempts to show that his claims are not frivolous by adopting his objections to the magistrate judge's report. This court does not consider incorporation of arguments contained in other pleadings. Issues must be argued in the body of the brief. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

In his supplement to his motion for IFP filed on August 3, 1999, Hurns provides a minimally adequate briefing of his claim that he was denied a fair and impartial review during his classification proceedings after having been held in segregation for more than one year. He cites this court's unpublished opinion in Phillips v. Puckett, No. 98-60010 (5th Cir. Mar. 15, 1999). Hurns argues that in light of Phillips, it is plain that the district court erred in its decision that his claim was frivolous and that his appeal would not be frivolous.

Hurns' case is distinguishable from Phillips. Hurns has not alleged and has not provided any evidence that the administration dictated to and imposed its will upon the classification committee, thus mandating the result that he would be maintained in his current status. There is nothing in the classification committee's reasons to suggest that they based their decision on anything more than a recommendation, not a mandate, by the administration. Hurns was not placed in administrative segregation based on the money-order scam like Phillips. He was placed in his current status based on an assault by members of

the Black Gangster Disciples, of which Hurns was identified as a leader. Even if Hurns did have a liberty interest in impartial periodic review, he has not alleged facts to show that his right to such was violated. His claim has no arguable basis in fact, and the district court did not abuse its discretion in dismissing his action as frivolous, nor did it err in denying IFP. Siglar, 112 F.3d at 193.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Hurns' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Hurns' has two strikes for purposes of 28 U.S.C. § 1915(g). See Hurns v. Parker, No. 98-60006 (5th Cir. Dec. 2, 1998). The district court and this court dismissed that action and appeal as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). The dismissal of this appeal as frivolous counts as Hurns' fourth strike under § 1915(g). We inform Hurns that having accumulated three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.